LOVELLS LLP
Attorneys for Victoria Lebensversicherung AG
590 Madison Avenue
New York, New York 10022
Tel: 212-909-0600
Facsimile: 212-909-0660
Email: lisa.fried@lovells.com



10 CIV 0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x:

MILLENNIUM DEVELOPMENT PARTNERS II LLC:
and MDP CAF HOLDINGS LLC,

                               *Plaintiffs,*

       – against –

VICTORIA LEBENSVERSICHERUNG AG,

                               *Defendant.*

------------------------------------------------------------ x

**NOTICE OF REMOVAL**

     Defendant Victoria Lebensversicherung AG ("Victoria"), by its attorneys Lovells LLP,

removes the above-captioned action to this Court from the Supreme Court of the State of New

York, County of New York, and in support thereof, states as follows:

     1.    As set forth in the Complaint herein, plaintiffs Millennium Development Partners

II LLC and MDP CAF HOLDINGS LLC are limited liability companies organized and existing

under the laws of Delaware and New York, respectively. Plaintiffs' principal places of business

are at 1995 Broadway, New York, New York, 10023.

     2.    Victoria is a corporation organized and existing under the laws of Germany, and

its principal place of business is at Victoriaplatz 1, 40198, Dusseldorf, Germany.

3.    As set forth in the Complaint, the matter in controversy exceeds the sum or value of $75,000.

4.    By reason of the foregoing, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, and the action may be, and hereby is, removed to this Court pursuant to 28 U.S.C. § 1441.

5.    The Complaint is the initial pleading setting forth the claim for relief on which this action is based.  On December 28, 2009, a copy of the Complaint was served on Victoria. This notice is filed within the time provided by law.

6.    Annexed hereto as Exhibit A is a true copy of the Summons and Complaint. Exhibit A constitutes a copy of all process, pleadings and orders heretofore served upon or delivered to Victoria.

Dated:  New York, New York
        January 25, 2010

                        LOVELLS LLP


                        By:  _____
                             Scott W. Reynolds (SR8457)
                             Lisa J. Fried (LF6968)

                        590 Madison Avenue
                        New York, New York 10022

                        *Attorneys for Victoria Lebensversicherung AG*

To:    Jeffrey L. Braun, Esq.
        Joel M. Taylor, Esq.
        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        1177 Avenue of the Americas
        New York, New York 10036

        Attorneys for Plaintiffs

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

MILLENNIUM DEVELOPMENT PARTNERS II LLC
and MDP CAF HOLDINGS LLC,

                         Plaintiffs,

          - against -

VICTORIA LEBENSVERSICHERUNG AG,

                     Defendant.

-------------------------------------------------------------x

09603408

Index No. 09-_____

Date Purchased: November 9, 2009

**FILED**

NOV. 9 2009
COUNTY CLERK'S OFFICE
NEW YORK

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
        November 9, 2009

                           KRAMER LEVIN NAFTALIS & FRANKEL LLP

                         By: _____
                              Jeffrey L. Braun
                              Joel M. Taylor

                              Attorneys for Plaintiff
                              1177 Avenue of the Americas
                              New York, New York 10036
                              (212) 715-9100

STATE OF NEW YORK
CLERK OFFICE

2009 NOV 19

11/9/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

MILLENNIUM DEVELOPMENT PARTNERS II LLC            Index No. 09-_____
and MDP CAF HOLDINGS LLC,                          :

                                        Plaintiffs,     :

                    - against -                         :

VICTORIA LEBENSVERSICHERUNG AG,                    :

                                        Defendant.     :     **COMPLAINT**

------------------------------------------------------------X

09603408

[FILED]

NOV - 9. 2009,

COUNTY CLERKS OFFICE
NEW YORK

Plaintiffs, Millennium Development Partners II LLC ("Borrower") and MDP

CAF Holdings LLC ("Pledgor"), by their attorneys Kramer Levin Naftalis & Frankel LLP, for

their complaint against defendant, Victoria Lebensversicherung AG ("Lender"), allege as

follows:

## THE NATURE OF THIS ACTION

1.      This is an action for a declaratory judgment that Borrower has fully

satisfied its obligations to Lender under two promissory notes and has no further liability to

Lender under those notes, and that Pledgor has no liability to Lender under a pledge agreement

securing Borrower's obligations to Lender.

2.      Borrower has made and delivered to Lender two promissory notes payable

to Lender in an aggregate principal amount of approximately $75 million. Those notes are

secured by assets pledged as collateral under two pledge agreements between Borrower and

Lender. The notes are also secured by additional collateral pledged by Pledgor, but only if, and

to the extent that, Borrower's obligations under the notes exceed the "GAAP Equity Value of

Borrower," as defined by the relevant pledge agreement. Under an agreement among Borrower, Lender and Pledgor, upon the occurrence of a default under the notes, Borrower has the right to deliver the pledged collateral to Lender in full satisfaction of its obligations under the notes. On October 30, 2009, Borrower exercised that right by delivering the collateral pledged under its agreements with Lender. Because Borrower's GAAP Equity Value exceeded the amount of its obligations under the notes, no additional collateral was delivered or owed by Pledgor.

3.       Lender has asserted that it considers delivery of the pledged collateral to be "hostile, unacceptable and ineffective," and it has demanded delivery of additional collateral from Pledgor. Lender's demand is based on a misreading of its agreement with Pledgor. That agreement expressly limits the pledged collateral to an amount equal in value to 125% of the amount of the "Secured Obligations," a term defined in the agreement to mean "the amount, if any, by which (1) the sum of the outstanding principal plus all interest and any other amounts due under the [notes] as of such date of determination exceeds (2) the GAAP Equity of Borrower." Because the Borrower 's "GAAP Equity" exceeded the amount of its obligations under the notes, the Secured Obligations were $0, and no collateral held by Pledgor was required to be delivered to Lender.

4.       Accordingly, Borrower and Pledgor are entitled to a declaratory judgment that (a) Borrower has satisfied its obligations under the notes and has no further liability to Lender under the notes, and (b) Pledgor has no liability or obligation to Lender under its pledge agreement.

## THE PARTIES

5.       Borrower is a limited liability company organized and existing under the laws of the State of Delaware. Borrower is the sole member of MDP Ventures II LLC ("MDP

-2-

Ventures"), which owns direct and indirect interests in note receivables, stock instruments and other assets. Borrower pledged its interest in MDP Ventures as collateral for the notes.

6. Pledgor is a limited liability company organized and existing under the laws of the State of New York. Pledgor is a member of Millennium Partners LLC ("MCAF Holding"), which owns direct and indirect interests in real estate and other assets. Pledgor pledged its interest in MCAF Holding as collateral for the notes, but only if, and to the event that, Borrower's obligations under the Notes exceeded its "GAAP Equity."

7. Upon information and belief, Lender is a corporation organized and existing under the laws of Germany. Upon information and belief, Lender transacts business in New York, including the making of equity investments in and loans to companies located in New York.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action under its general jurisdiction and under CPLR 3001, which empowers this Court to issue declaratory judgments.

9. Venue is proper in this Court pursuant to CPLR 507, as title, possession and use of property in this County will be affected by the judgment demanded, as well as pursuant to CPLR 501.

## BACKGROUND

10. Borrower was the principal obligor under two promissory notes payable to Lender: (a) a February 1998 note, as modified on January 1, 1999, November 17, 2000 and August 17, 2007, in the principal sum of $42,500,000 (the "First Note"); and (b) a November 17, 2000 note, as modified on August 17, 2007, in the principal sum of $32,139,731.76 (the "Second Note") (together, the "Notes").

-3-

11.    Borrower's obligations under the Notes were secured by collateral identified in a February 1998 Pledge Agreement (the "First Note Pledge Agreement") and a November 17, 2000 Pledge Agreement (the "Second Note Ventures II Pledge Agreement") (together, the "Note Pledge Agreements").

12.    The primary collateral that was pledged under both of the Note Pledge Agreements, as modified, consisted of Borrower's membership interest in MDP Ventures.

13.    Under certain specific circumstances, however, Borrower's obligations under the Notes were also secured by collateral identified in a MDP CAF Pledge Agreement (the "MDP CAF Pledge Agreement") dated August 17, 2007, among Borrower, Lender and Pledgor.

14.    The collateral pledged under the MDP CAF Pledge Agreement generally consisted of Pledgor's membership interest in MCAF Holding, in an amount equal in value to 125% of the "Secured Obligations." The "Pledged Interest" is defined in relevant part in Section 1 of the MDP CAF Pledge Agreement to mean:

> ... as of any date of determination, that portion of the Pledgor's interest in the limited liability company membership interests in MCAF Holding Co that is equal in value (based on the Value of Pledgor's Entire Interest in MCAF Holding Co) to (i) the amount of the Secured Obligations as of such date of determination multiplied by (ii) 1.25.

15.    The "Secured Obligations" used to calculate the value of the "Pledged Interest," if any, that is required to secure Borrower's obligations is defined in Section 1 of the MDP CAF Pledge Agreement as the amount, if any, by which Borrower's obligations under the Notes exceed the GAAP Equity Value of the Borrower (the "Equity Shortfall"). Section 1 provides in relevant part:

> "Secured Obligations" shall mean, as of any date of determination, an amount equal to the amount, if any, by which (1) the sum of the outstanding principal plus all interest and any other amounts due under the [Notes] as of such date of determination exceeds (2) the

KL3 3768874.4

> GAAP Equity of Borrower as determined from time to time
> pursuant to Section 2.

(Emphasis in original.)

16.   The term "GAAP Equity of Borrower" is defined in Section 1 of the MDP

CAF Pledge Agreement as follows:

> "GAAP Equity of Borrower" shall mean the equity value of
> Borrower (including, but not limited to, the equity value of
> Borrower's interest in MDP Ventures II LLC) calculated in
> accordance with generally accepted accounting principles;
> provided, however, that the obligations evidenced by the [Notes]
> shall not be included in such calculation.

(Emphasis in original.)

17.   Under an August 17, 2007 MDP II Master Modification Agreement (the

"Master Modification Agreement") among Borrower, Pledgor and Lender, upon the occurrence

of a default under the Notes, Borrower has the right to deliver to Lender, in full repayment of its

obligations under the Notes, the interests pledged under the Note Pledge Agreements and the

MDP CAF Pledge Agreement.  Section 1(g) of the Master Agreement provides in relevant part:

> Notwithstanding anything to the contrary contained in the [Notes],
> upon the occurrence of a default under the [Notes], MDP II shall
> have the right to deliver (i) the Pledged Interests under the First
> Note Pledge Agreement (i.e., exclusive of the First Note Ventures I
> Pledge) and the Second Note Ventures II Pledge Agreement and
> (ii) the Pledged Interests under the MDP CAF Pledge Agreement
> (as determined as of the date of such delivery in accordance with
> Section 2(b)(ii) of the MDP CAF Pledge Agreement) and/or cash
> in lieu of such Pledge Interests as provided in the MDP CAF
> Pledge Agreement in full repayment of the obligations evidenced
> by the [Notes] and, upon such delivery, MDP II shall have no
> further liability under the [Notes].

(Emphasis added.)

18.   By letter dated August 3, 2009, to Lender's asset manager, MEAG

Munich Ergo Asset Management GmbH ("MEAG"), Borrower informed Lender that Borrower

KL3 2748874.4

would not generate sufficient cash flow in 2009 to make a December 31, 2009 interest payment of approximately $5.3 million owed under the Notes. In that letter, Borrower also outlined a proposed restructuring of the loans, which included the elimination of a requirement in the MDP CAF Pledge Agreement that Borrower obtain and provide to Lender an annual appraisal of Pledgor's interest in MCAF Holding, which is to be performed by an independent third-party appraiser by October 1st of each year, except any fiscal year in which Borrower's Equity Shortfall in the immediately prior year is $5 million or more.

19.    In the August 3, 2009 letter, Borrower explained that it sought to modify the appraisal requirement due to the prohibitive cost of performing such appraisals, which is approximately $200,000 to $300,000 per year.

20.    By an August 25, 2009 letter from MEAG, Lender rejected Borrower's proposal. In its letter, MEAG stated that "an annual MCAF appraisal was one of the most essential conditions for [Lender] to agree to the Loan restructuring in 2007," and that "we need this annual appraisal to verify the value of the pledged MCAF shares."

21.    On September 1, 2009, Borrower's sole member, Millennium Development Partners II Holding Co. LLC, contributed to Borrower additional assets (the "Equity Contribution") with a GAAP equity value of $24 million, thereby eliminating a previously existing Equity Shortfall.

22.    By letter dated September 30, 2009, Borrower informed Lender of the Equity Contribution, and transmitted a copy of Borrower's audited September 1, 2009 consolidated balance sheet reflecting that, immediately following the Equity Contribution, Borrower had a net positive GAAP Equity value of approximately $500,000, and thus no Equity Shortfall.

KL3 2748674.4

23.    In the same letter, Borrower also outlined two proposals for restructuring the relationship between Lender and Borrower. In addition, Borrower informed Lender in that letter that an appraisal of Pledgor's interest in MCAF Holding could not be completed by October 1, 2009 as required under the MDP CAF Pledge Agreement, and that the ability to finalize such an appraisal in a manner acceptable was problematic given the difficulty in properly estimating the ultimate liquidation value of various assets of MCAF Holding due to the extreme state of illiquidity in the U.S. real estate markets.

24.    Thereafter Pledgor failed to obtain and deliver to Lender the required appraisal of Pledgor's interest in MCAF Holding, which failure constitutes a default under the MDF CAF Pledge Agreement and the Notes.

25.    After receiving no response from Lender to the restructuring options that it had proposed, on October 29, 2009, Borrower advised Lender that it intended to deliver to Lender on the following day the collateral pledged under the Note Pledge Agreements in full satisfaction of Borrower's obligations under the Notes, unless agreement could be reached on a standstill agreement. In the same letter, Borrower also informed Lender that Borrower would not be delivering an appraisal of Pledgor's interest in MCAF Holding because Borrower's Equity Shortfall had been eliminated, thereby reducing the "Pledged Interest" under the MDP CAF Pledge Agreement to zero percent.

26.    On the following day, Borrower delivered to Lender the collateral pledged under the Note Pledge Agreements in the form of an Assignment of Interest of Limited Liability Company dated October 30, 2009 (the "Assignment"), which assigned to Lender, among other things, Borrower's membership interest in MDP Ventures. In its transmittal letter, Borrower explained that, "[b]ecause the Secured Obligations are $0, the Pledged Interest under the MDP

CAF Pledge Agreement is 0%. Consequently, clause '(ii)' of Section 1(g) of the Master Modification Agreement is inapplicable and, pursuant to such Section 1(g), the delivery of the Delivered Interests constitutes full repayment and satisfaction of the obligations evidenced by the Existing Notes."

27.    On the same day, Lender's counsel sent a letter to Borrower asserting that the Equity Contribution had been undertaken in "bad faith" for the purpose of depriving Lender of the collateral supposedly pledged under the MDP CAF Pledge Agreement, and objecting to the values given to the contributed assets. In that letter, Lender's counsel further stated that "any tender of the assets purportedly in satisfaction of the loan, without the delivery of the pledged MCAF shares, will be considered hostile, unacceptable and ineffective."

28.    Lender's assertion that Borrower has acted in bad faith is false and unfounded, because in all respects Borrower, Pledgor and their affiliates have acted properly and in accordance with the governing contractual documents.

29.    No Equity Shortfall existed at any material time, and therefore Borrower's delivery of the Assignment to Lender was in full satisfaction of Borrower's obligations under the Notes.

30.    Upon information and belief, Lender will continue to demand delivery of collateral purportedly pledged under the MDP CAF Pledge Agreement until Borrower obtains a court order that Borrower has fully satisfied its obligations under the Notes and has no further liability to Lender, and that Pledgor has no liability to Lender under the MDP CAF Pledge Agreement.

-8-

## CAUSE OF ACTION

31.    Plaintiffs repeat and re-allege the allegations set forth above in paragraphs 1 through 30 as fully as if here set forth at length.

32.    Borrower is in default under the Notes by reason of its failure to obtain the required appraisal of Pledgor's interest in MCAF Holding by October 1, 2009, and deliver the appraisal to Lender.

33.    Contrary to Lender's assertion, Borrower did not act in bad faith when it made the Equity Contribution.

34.    An actual and justiciable controversy exists between plaintiffs and Lender as to whether delivery of the Assignment fully satisfied Borrower's obligations under the Notes, and whether Pledgor has any liability to Lender under the MDP CAF Pledge Agreement.

35.    By reason of the foregoing, Borrower and Pledgor are entitled to a declaration that Borrower has fully satisfied its obligations under the Notes, and that Pledgor has no further liability or obligations to Lender under the MDP CAF Pledge Agreement and that none of Pledgor's assets are encumbered by any pledge or security interest in favor of Lender.

WHEREFORE, plaintiffs pray that the Court enter judgment in their favor and against Lender as follows:

(1)    declaring that (a) Borrower has fully satisfied its obligations to Lender under the Notes and has no further liability to Lender under the Notes, and (b) Pledgor has no liability to Lender under the MDP CAF Pledge Agreement and none of Pledgor's assets are encumbered by any pledge or security interest in favor of Lender; and

(2)    awarding Borrower and Pledgor such other and further relief as is just and proper, including the costs of this action.

-9-

Dated:  New York, New York
        November 9, 2009

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
        Jeffrey L. Braun
        Joel M. Taylor

1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Plaintiffs*

FILED
Nov 9, 2009
COUNTY CLERK
NEW YORK COUNTY

STATE OF NEW YORK, COUNTY OF NEW YORK
SS.: I, NORMAN GOODMAN, COUNTY CLERK
CLERK OF THE SUPREME COURT OF SAID
COUNTY, DO HEREBY CERTIFY

2009 NOV 10    A 11:03

THAT I HAVE COMPARED
WITH THE ORIGINAL FILED

11/9/09

AND IT IS A TRUE COPY

3 5 0 5 7 8

-10-

KL3 2748874 4

Index No. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MILLENNIUM DEVELOPMENT PARTNERS II
LLC and MDP CAF HOLDINGS LLC,

Plaintiffs,

- against -

VICTORIA LEBENSVERSICHERUNG AG,

Defendant.

SUMMONS AND COMPLAINT

KRAMER LEVIN NAFTALIS & FRANKEL LLP
*Attorneys for Plaintiffs*
1177 Avenue of the Americas
New York, New York 10036
(212) 715-7830

*All communications should be referred to:*

Jeffrey L. Braun, Esq.